[Civ. No. 893. Fourth Appellate District.—July 12, 1932.]

E. R. GADERER, Appellant, v. THE GROSSMONT UNION HIGH SCHOOL DISTRICT OF THE COUNTY OF SAN DIEGO et al., Respondents.

Curtis Hillyer and Irve C. Boldman for Appellant.

Thomas Whelan, District Attorney, Frank T. Dunn, Chief Deputy District Attorney, and Edgar I. Kendall and Edward W. Goodman, Deputies District Attorney, for Respondents.

THOMPSON (V. N.), J., *pro tem.*—This is an action brought by the appellant teacher against the respondents school board and the several members thereof, for the sum of $1710.40, salary alleged to be due the teacher for the part of the school term from November 21, 1929, on which date the teacher was dismissed by the school board, to the end of the school year, or June, 1930.

A contract of employment of the teacher, as a probationary teacher for the full school year, is admitted by the respondents. Respondents deny any liability, because of the dismissal of the appellant teacher for cause, after a hearing by the school board of charges made against the teacher for unprofessional conduct and evident unfitness for service in violation of School Code section 5.661, and affirmance of the action of the school board upon appeal to the county superintendent of schools.

For the purpose of brevity, the appellant will be referred to as the "teacher" and the respondents herein the "school board".

One or two observations in connection with the appeal may well be made before taking up the points urged by the appellant. One is that under the law the appeal of a teacher, who has been dismissed for cause by the school board and after review by the county superintendent of schools, is taken to the superior court of proper jurisdiction, where the matters in issue are pleaded and tried *de novo* (School Code 1929, sec. 5.404). However, the original jurisdiction or primary authority for bringing and hearing charges against a teacher rests with the school board, and the bringing of such charges and the hearing and disposi-

tion of the same by the board are matters prerequisite to the commencement of an action in the superior court under the law, although the questions involved may be tried *de novo* in the superior court. As a matter of fact, the action of the school board in dismissing the teacher, whether right or wrong, is brought in issue through the action in the superior court and the review of the proceedings of the school board therein for the purpose of ascertaining whether or not the board was justified in taking whatever action it did.

▇ The points relied upon by appellant in his specification of errors will be considered in the order in which they are urged: First: "The evidence is insufficient to show that appellant was guilty of any conduct that would warrant his dismissal by the defendants."

There is nothing in the record which reveals definitely what testimony was taken or what facts were developed upon the hearing before the school board, except that the record shows that witnesses were sworn and testified in support of the charges which were then pending before the board; that appellant was present and represented by counsel at the hearing; that he did not testify, make any statement, or offer any evidence in his own behalf. With this situation it must be assumed that the proof which was produced before the school board, with the exception, of course, of the testimony of appellant himself, was such as to substantially establish the facts as they were proven upon the hearing in the trial court.

▇ In connection with the first charge as enumerated in the specification of charges made by or before the school board, "that on or about the 5th day of January, 1927, in this county and state, you were arrested and charged with violation of the Juvenile Court law", the only evidence which was produced before the trial court in support of this charge was the testimony of plaintiff himself upon examination under section 2055 of the Code of Civil Procedure, over the objection of plaintiff's counsel on the grounds that such evidence was incompetent, irrelevant and immaterial, and not the best evidence. The objection was overruled by the court. Such evidence was subject to the first grounds of objection and the objection should have been sustained because of the remoteness in time prior to the making of the charges before the school board. If the plaintiff and

appellant did not testify before the school board it must necessarily follow also that the board did not have before it evidence upon this charge at the time of the hearing.

If this were the only charge which was made or pending against appellant, his contention that "the trial court committed prejudicial error in admitting in evidence over appellant's objection testimony of appellant's arrest for violation of the Juvenile Court law", might be sufficient for reversal of the judgment. However, the sole question here is whether or not the school board, considering the evidence before it, and as presented through the trial court upon this appeal, was justified in dismissing the appellant teacher and canceling the contract of employment at the time it did. In order that this question may be properly determined, it is necessary that consideration be given to all of the specifications or charges.

The evidence upon the second charge "that on or about the 27th day of October, 1929, at the Hotel Olive in the city of San Diego, California, you were charged by one C. F. Postlewart with immoral conduct and chased from said hotel by said Postlewart armed with a knife, and hereby created a disturbance of the peace therein", is to some extent conflicting. The trial court has made its finding and judgment, based upon the evidence before it, sustaining the charges. The judgment should not be disturbed. It is true that the charge as laid before or by the school board is more or less recital and secondary or indirect in its verbiage. The charge is more fully stated in the second amended answer, however, and it is not shown that the substantial rights of the appellant teacher were at any time placed in jeopardy by reason of any insufficiency of the charge itself.

The third charge "that these charges are generally known in the school district and as a result render you unfit for future service as a teacher in this district" is also amply supported by the evidence. The finding and judgment of the trial court in relation to the evidence upon this charge is correct.

The first part of appellant's second ground of appeal has already been disposed of. The last part of this ground, viz., "The trial court committed prejudicial error in admitting . . . testimony concerning rumors about appellant's conduct", is overcome by the evidence. The testi-

mony of members of the school board and school principal indicates clearly that complaints of appellant's conduct toward and in the presence of pupils were made by parents of at least several of such pupils. Along with this testimony is some in the nature of hearsay, and statements of conclusions of the witnesses, in part admitted over objections of appellant's counsel. It appears that there is sufficient evidence of a direct nature, standing alone, to refute the last ground of appeal.

At the hearing before the school board, according to the record, objection was made by the attorney representing the teacher, plaintiff and appellant, that no written charges had been filed against the teacher and that the school board was biased or prejudiced against him to the extent that he was prevented from having a fair hearing. The record discloses that the teacher and his counsel were given an opportunity to submit evidence at such hearing and that they declined to do so. Apparently no point was attempted to be made of the teacher's objections in this respect before the trial court because of the fact that the matter was being tried *de novo,* and no point is made of it on appeal.

The proceedings before the school board cannot be likened to a criminal proceeding where generally the entire burden of proof rests upon the prosecution. The teacher must have known that the school board was the body empowered with original authority to act upon the charges and dismiss him from his employment and that if his actions and conduct were such that they could be explained before the board in a satisfactory manner that it was not only his right but his duty to do so.

There is no doubt from all the evidence that the school board was fully justified in taking the action which it did.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 30, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1932.